UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOEL RAMIREZ-HERNANDEZ and
BALTAZAR FRANCO,                                    Civil Action No.

                      Plaintiffs,

   -against-

CLEARVIEW TREE AND LAND CORP. and
OSCAR VALENCIA,

                      Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, JOEL RAMIREZ-HERNANDEZ and BALTAZAR FRANCO ("Plaintiffs"), as and for their Complaint against Defendants, CLEARVIEW TREE AND LAND CORP. and OSCAR VALENCIA ("Defendants") respectfully allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

- 1 -

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, JOEL RAMIREZ-HERNANDEZ ("Hernandez"), was employed by Defendants as a tree cutter from on or about September 25, 2010 until on or about December 7, 2016.

6. Plaintiff, BALTAZAR FRANCO ("Franco"), was employed by Defendants as a tree cutter from on or about November, 2010 until on or about the last week of December, 2014.

7. Franco was then employed again by Defendants as a tree cutter from on or about the middle of April, 2016 until on or about December 9, 2016.

8. Upon information and belief, Defendant, CLEARVIEW TREE AND LAND CORP. ("Clearview"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, Clearview maintains a place of business located at 342 Ivy Avenue, Westbury, NY 11590.

10. Upon information and belief, Clearview is in the business of providing residential and commercial tree services to customers throughout the five boroughs of New York City and in Nassau and Suffolk Counties.

11. Upon information and belief, Defendant Oscar Valencia ("Valencia") is an individual residing in the State of New York.

12. Upon information and belief, at all relevant times, Valencia was a corporate officer of Clearview.

13. Upon information and belief, at all relevant times, Valencia exercised operational control over Clearview, controlled significant business functions of Clearview, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Clearview in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Valencia has been an employer under the FLSA and the NYLL.

## FACTS

14. Defendants operate Clearview located at 342 Ivy Avenue, Westbury, New York 11590.

15. At all times relevant to this action, Plaintiffs were employed as tree cutters.

16. Hernandez's primary responsibilities were to cut trees.

17. Franco's primary responsibilities were to cut trees.

18. Valencia participated in the decision to hire Plaintiffs.

19. Valencia participated in the decision to fire Plaintiffs.

20. Valencia participated in the daily supervision of Plaintiffs' duties.

21. Valencia participated in setting Plaintiffs' work schedules.

22. Valencia participated in deciding the manner in which Plaintiffs were paid during their employment.

23. Valencia participated in the decision to pay Plaintiffs in cash and check during their employment.

24. Valencia participated in running the day to day operations of Clearview during Plaintiffs' employment.

25. Valencia participated in deciding the hours that Plaintiffs would work

each week during their employment.

26. Valencia participated in deciding the job duties that Plaintiffs would perform on a daily basis during their employment.

27. During his employment, Hernandez worked six (6) days a week during the months of March to around December 24th each year.

28. During this time, Hernandez worked Monday through Saturday each week.

29. During this time, Hernandez began his shift at 5:45 a.m. each morning.

30. During this time, Hernandez's shift ended at about 7:00 p.m. each evening.

31. During this time, Hernandez was not given any uninterrupted meal breaks of more than 15 minutes at a time.

32. During this time, Hernandez worked 78 hours each week.

33. From January to March each year, Henandez worked 3 or 4 days a week for defendants.

34. During this time each year, Hernandez did not work more than 40 hours a week and makes no claim for overtime compensation during these two months.

35. During his employment, Defendants paid Hernandez in cash.

36. During his employment, Defendants paid Hernandez a daily rate of pay.

37. During his employment, Defendants did not pay Hernandez overtime compensation.

38. During his employment, Defendants did not pay Hernandez one and a half times his regular rate of pay when he worked more than 40 hours each week.

39. During his employment, Defendants did not provide Hernandez with weekly pay stubs.

40. During his employment, Defendants did not provide Hernandez with any wage notices that set forth his regular rate of pay and/or overtime rate of pay.

41. During his employment, Franco worked six (6) days a week during the months of March to about December 24th each year.

42. During this time, Franco worked Monday through Saturday each week.

43. During this time, Franco began his shift at 5:45 a.m. each morning.

44. During this time, Franco's shift ended at about 7:00 p.m. each evening.

45. During this time, Franco was not given any uninterrupted meal breaks of more than 15 minutes at a time.

46. During this time, Franco worked 78 hours each week.

47. From January to March each year, Franco did not work more than 40 hours a week.

48. During this time each year, Franco makes no claim of failure to pay overtime compensation.

49. During his employment, Defendants paid Franco partly in cash and partly by check.

50. During his employment, Defendants paid Franco a daily rate of pay.

51. During his employment, Defendants did not pay Franco overtime compensation.

52. During his employment, Defendants did not pay Franco one and a half times his regular rate of pay when he worked more than 40 hours each week.

53. During his employment, Defendants did not provide Franco with weekly pay stubs.

54. During his employment, Defendants did not provide Franco with any wage notices that set forth his regular rate of pay and/or overtime rate of pay.

55. During Plaintiffs' employment, Defendants failed to maintain accurate time records for the hours that Plaintiffs worked.

56. Defendants managed Plaintiffs' employment, including the amount of overtime worked.

57. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

58. Defendants were aware of Plaintiffs' work hours, but failed to pay Plaintiffs the full amount of wages to which they were entitled for this work time under the law.

59. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged by such failures.

### COUNT I
### FLSA Overtime Claim

60. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

61. At all times relevant to this Complaint, Defendants "employed" Plaintiffs by suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

62. The FLSA regulates the payment of wages by employers whose

employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

63. At all times relevant to this Complaint, the corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)). As such, the corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

76. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiffs who worked as tree cutters for Defendants.

77. Upon information and belief, the gross annual volume of sales made or business done by Clearview for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

78. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq.*

79. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

80. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

81. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

82. However, none of the Section 13 exemptions apply to Plaintiffs because they have not met the requirements for coverage under the exemptions.

83. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

84. Defendants have not acted in good faith with respect to the conduct alleged herein.

85. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

86. At all times relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the NYLL and the Regulations pertaining thereto.

87. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the NYLL and the Regulations pertaining thereto.

88. At all times relevant to this Complaint, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of NYLL and the Regulations pertaining thereto.

89. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

90. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §142-2.2.

91. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

92. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the NYLL and the Regulations pertaining thereto.

93. Plaintiffs are not exempt from the overtime provisions of the NYLL and the Regulations, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

94. Defendants have acted willfully and have either known that their conduct violated the NYLL and the Regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

95. As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

## COUNT III
## NYLL FAILURE TO PROVIDE WAGE NOTICES

96. Defendants willfully failed to furnish Plaintiffs with wage notices during the entirety of their employment, including the dates of their hiring, as required by NYLL

§ 195(1), in English or in the language identified by Plaintiffs as their primary language, which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

97. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

98. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## NYLL FAILURE TO PROVIDE WAGE STATEMENTS

99. Defendants willfully failed to provide Plaintiffs written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

100. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

101. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiffs;

4. Willfully violated the applicable provisions of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
February 20, 2017

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiffs
4242 Merrick Rd.
Massapequa, New York 11758
(516) 228-5100

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra <u>Clearview Tree and Land Corp. and Oscar Valencia</u> y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against <u>Clearview Tree and Land Corp. and Oscar Valencia</u> and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Fecha/Date: _____

*Joel Ramires Hernandez*
Joel Ramirez Hernandez

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Clearview Tree and Land Corp., Oscar Valencia, and Eddie Valencia** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Clearview Tree and Land Corp., Oscar Valencia, and Eddie Valencia** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Fecha: 12-08-16

_____
Firma (Signature)

Baltazar Franco
Baltazar **Franco**